IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03486-RTG
**(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.)**

RENE EDUARDO PINEDA MERCADO,

Petitioner,

v.

ROBERT GUARDIAN, Office Director of ICE,

Respondent.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Rene Eduardo Pineda Mercado is a federal immigration detainee at the Aurora Detention Center in Aurora, Colorado. Petitioner has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the required filing fee. (ECF No. 1).

The Court must construe the application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## BACKGROUND

As respondent, Petitioner names Robert Guardian, Director of ICE's Denver Field Office. (ECF No. 1 at 1). However, the warden of the Aurora Detention Center (or its institutional equivalent) is the respondent who has immediate physical custody over Petitioner.

Petitioner raises two claims in the § 2241 application. (*Id.* at 2-3). The claims and supporting allegations will be quoted verbatim, and in their entirety, without correcting or identifying errors in spelling, grammar, or punctuation:

> CLAIM ONE: My prolonged detention is unlawful.
>
> I came from Honduras to United States, in March 2021, through the border in Texas. After been hold by the immigration borders, for two months, i was released; and i went to live with my mother and my little sister, who is an American citizen, and my little brother, who is also an American citizen.
>
> Since 2022, i have been living, with my partner and we have a son, borned in United States and he is almost two years old now.
>
> I was sent on January 2026, to serve for three months on Polk County, because of plate, speed and drive license issues. I did my time and when i was about to be released, in April ICE took my custody and i have been detained since.
>
> My prolonged detention is unlawful, because i have been detained for more than 90 days, without a bond hearing.
>
> CLAIM TWO: My detention is in violation of the Fifth Amendments of The Constitution of The United States
>
> Supporting Facts: My continued detention, without a bond hearing is unreasonable and is punitive in nature, in violation of The Fifth Amendments of The United States Constitution. My detention should be ruled, by Section 1226(a) which intitled me, to the custody procedures provided by that statute, since, i am not an Alien seeking for admission. My continued detention is causing, extreme hardship, financial difficulties and emotional damages to my partner and our child, who is an American citizen. As all

> human being, i made mistakes and i answered for those mistakes. I serve the time and i was ready, to go back to my family, as a changed man to fulfil my obligations. (*Id.*).

(*Id.*). As relief, Petitioner seeks immediate “release from custody, under reasonabl[e] conditions of supervision or to be provide[d] an individualized bond hearing to justify [his] continued detention. (*Id.* at 5).

The Court will now discuss the issues presented in the pleading.

## PLEADING ISSUES

**1. Petitioner must name his custodian as the respondent.**

The proper respondent in a habeas corpus action is “the person who has custody over [the petitioner].” 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 (“The writ, or order to show cause shall be directed to the person having custody of the person detained.”). In most cases, there is “only one proper respondent to a given prisoner’s habeas petition,” and the proper respondent generally is “the warden of facility where the prisoner is being held.” *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, “the petition must name as respondent the state officer who has custody.”[1] Therefore, Petitioner’s amended habeas application must name the warden of the Aurora Detention Center, Juan Baltazar, (or its institutional equivalent) who currently has custody over him.

---

1 A “district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]” Habeas Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

**2. Petitioner must allege a specific violation of federal law.**

Petitioner's application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. For example, Petitioner should include specific factual allegations explaining:

- the date Petitioner's current detention began and the total time he has been in immigration custody;
- whether Petitioner has ever been afforded an individualized bond hearing before an immigration judge; if so, the date, outcome, and any bond amount set;
- whether he has ever been released to supervision, the conditions of that supervision, and the length of time he was on supervised release before it was revoked;
- the current status of his removal proceedings, including whether a final order of removal has been entered and, if so, whether his country of removal has agreed to accept him;
- compliance with any prior immigration requirements or court appearances;
- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to any flight-risk and danger assessments he challenges; and
- any other facts showing Petitioner would appear as required if released.

The amended habeas corpus application should include these background facts so the Court can determine whether his detention is unlawful and whether he is entitled to the relief being requested. Petitioner must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is ORDERED that Petitioner shall have thirty (30) days from the

date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on a court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED August 13, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge